IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES N. BRAXTON,

                Plaintiff,

v.                                   CIVIL ACTION NO. 5:04-0894

DUSTIN R. JOYNES and JOHN A. DUNN, individually,
and as agents of the Raleigh County Sheriff's Department,
RALEIGH COUNTY COMMISSION, GARLAND A. BURKE,
individually, and as an agent of the Fayette County Sheriff's Department,
FAYETTE COUNTY COMMISSION, GANT MONTGOMERY,
individually, and as agent of the Beckley City Police,
CITY OF BECKLEY, and JANE DOE aka C/S 64, individually
and as an agent of the Tri-Lateral Drug Enforcement Network Team
Drug and Violent Crime Task Force, aka TRIDENT and the
NETWORK TEAM DRUG AND VIOLENT CRIME
TASK FORCE, AKA TRIDENT,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' motion to set aside the default judgment entered against the Tri-Lateral Drug Enforcement Network Team Drug and Violent Crime Task Force. For the reasons that follow, Defendants' motion is **GRANTED.**

**I.    Background**

Plaintiff filed this action on August 18, 2004 against two agents of the Raleigh County Sheriff's Department, an agent of the Fayette County Sheriff's Department, an agent of the Beckley City Police, an agent of the Network Team Drug and Violent Crime Task Force ("TRIDENT"), the

Raleigh County Commission, the Fayette County Commission, the City of Beckley, and TRIDENT alleging violations of the Equal Protection and Due Process clauses of the United States Constitution pursuant to 42 U.S.C. § 1983 and violations of the West Virginia Constitution. TRIDENT failed to answer or otherwise defend this action in a timely manner. Therefore, on February 3, 2005, in response to an Order of this Court, the Clerk entered default against TRIDENT. On February 23, 2005, Plaintiff motioned for the entry of a default judgment against TRIDENT and on March 3, 2005, the Court granted Plaintiff's motion. Subsequently, the remaining defendants, on March 10, 2005, moved pursuant to Fed. R. Civ. Proc. 60(b) to set aside the default judgment, arguing that TRIDENT is not an entity but rather "the name of a mutual assistance agreement for which no judgment can be collected from or that can be legally recovered against as it has no assets." Defendant's Motion to Set Aside Default at ¶ 12.

## II.     Standard of Review

In order to set aside an entry of default judgment pursuant to Fed. R. Civ. Proc. 60(b), "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Once the moving party has been able to show these elements, "he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Id.* The disposition of Rule 60(b) motions are ordinarily within the discretion of the district court. *Id.*

**III.     Analysis**

In this case, Defendants' motion to set aside default judgment was timely. Under Rule 60(b) a motion for relief from a final judgment must be made within a reasonable amount of time. Fed. R. Civ. Proc. 60(b). Defendants filed their motion for relief under Rule 60(b) within 7 days of the date default judgment was entered. There is no question that Defendants' motion was timely.

Defendants are also able to show that TRIDENT would have a meritorious defense to Plaintiff's claims. Specifically, Defendants contend that TRIDENT does not have the capacity to be sued. TRIDENT was formed pursuant to W.Va. Code § 15-10-4 which allows law enforcement agencies to:

> enter[] into a multijurisdictional task force agreement to integrate federal, state, county and municipal law-enforcement agencies or other groups of state or local law-enforcement officers, or any combination thereof, for the purpose of enhancing interagency coordination, intelligence gathering, facilitating multijurisdictional investigations, providing criminal justice enforcement personnel of the law-enforcement agency to work temporarily with personnel of another agency, including in an undercover capacity, and making available equipment, training, technical assistance and information systems for the more efficient investigation, apprehension and adjudication of persons who violate the criminal laws of this state or the United States, and to assist the victims of such crimes.

*Id.* The statute also provides that while working with the Task Force, an officer remains for purposes of personnel and administration under the authority of their primary agency. W.Va. Code § 15-10-4(c). The entities which make-up the Task Force do not lose their identities upon joining this collaboration but rather they are aided in their ability to effectively enforce the laws of the state. The state legislature in authorizing the formation of these task forces did so for the purpose permitting and empowering "various law-enforcement agencies within the state ... to share resources and provide mutual assistance for the prevention and detection of crime." W.Va. Code § 15-10-2. The Task Force is not a separate entity capable of being sued. This is further evidenced by the fact

that as part of their agreement the members of TRIDENT agree to carry their own liability insurance and to "save and hold harmless and defend each other from and against all claims and liability for loss, damage, or injury or death of third parties caused by or attributable to its own officer engaged in activities of the Task Force." *See* Defendants' Memorandum in Support of Motion to Set Aside, Exhibit A at 9. Therefore, because the Court finds that TRIDENT is not an entity capable of being sued, it cannot to be held liable for the Plaintiff's claims. As such, it has a meritorious defense to Plaintiff's claims.

The Court also finds that Plaintiff would not be prejudiced by the setting aside of the default judgment. As stated, each individual agency that is part of TRIDENT is required to maintain their own liability insurance and have agreed to defend each other against the claims of third parties. While Plaintiff may not be able to sustain a claim against TRIDENT, he still is able to pursue his claims against the individual agencies that comprise TRIDENT. Plaintiff does not lose the ability to fully redress the injury he contends he suffered at the hands of officers working under TRIDENT and thus is not prejudiced by the setting aside of the default judgment.

Because the Court has determined that Defendants have met the threshold issues, it will now address whether they are able to satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment. Defendants claim that they are entitled to relief under Rule 60(b)(6), the catch-all provision. Rule 60(b)(6) allows for relief for "any other reason justifying relief from operation of the judgment." *Id.* In order to "form a sufficient basis for relief under Rule 60(b)(6)" a party must do more than show the existence of a meritorious defense. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d at 897. While Defendants rely on the same reasoning for relief under 60(b)(6) as they provided for a meritorious defense, the Court finds in this circumstance,

Defendants have provided a sufficient basis. TRIDENT is not considered a legal entity capable of being sued. As such, to allow a default judgment to stand against it would wholly unfair. "Rule 60(b)'s catch-all phrase–any other reason justifying relief–has been described as a 'grand reservoir of equitable power to do justice in a particular case.'" *National Credit Union Administration Board v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993) (quoting 7 Moore's Federal Practice ¶ 60.27[1] at 60-266 (1993)). The Court finds that exceptional circumstance exist in this case requiring the Court to exercise its equitable power and justifying relief under Rule 60(b)(6).

### IV.     Conclusion

For the reasons stated, the Court **GRANTS** Defendant's motion to set aside the default judgment entered against TRIDENT. Additionally, because the TRIDENT is not a legal entity capable of being sued, the Court **DISMISSES** Plaintiff's claims as they relate to TRIDENT.

The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     September 15, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE