IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES N. BRAXTON,

        Plaintiff,

v.                              CIVIL ACTION NO. 5:04-0894

DUSTIN R. JOYNES and JOHN A. DUNN, individually,
and as agents of the Raleigh County Sheriff's Department,
RALEIGH COUNTY COMMISSION, GARLAND A. BURKE,
individually, and as an agent of the Fayette County Sheriff's Department,
FAYETTE COUNTY COMMISSION, GANT MONTGOMERY,
individually, and as agent of the Beckley City Police,
CITY OF BECKLEY, and JANE DOE aka C/S 64, individually
and as an agent of the Tri-Lateral Drug Enforcement Network Team
Drug and Violent Crime Task Force, aka TRIDENT and the
NETWORK TEAM DRUG AND VIOLENT CRIME
TASK FORCE, AKA TRIDENT,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' motion for summary judgment. For the reasons that follow, Defendants' motion is **GRANTED.**

**I.
Factual and Procedural Background**

On December 28, 2001, Defendants Dunn, Montgomery, Burke, and Joynes[1] met a confidential informant at an undisclosed location to arrange the purchase cocaine from an individual

---

[1] Defendants were working together as part of the Network Team Drug and Violent Crime Task Force ("TRIDENT").

the confidential informant identified as "Jason." After the confidential informant contacted Jason to set up the purchase of a quantity of crack cocaine, Defendant Burke accompanied the her to the established meeting point. Upon Jason's arrival, the confidential informant exited the undercover police vehicle and approached Jason's vehicle. After reaching Jason's vehicle the confidential informant realized that there was another individual with Jason whom she identified as "Shaun Jones." She proceeded to purchase $300 worth of crack cocaine from Jason and returned to the undercover police vehicle occupied by Defendant Burke.

On December 31, 2001, the confidential informant telephoned Defendant Montgomery and informed him that she had been mistaken about the identity of the individual in Jason's vehicle. At that time she identified the other occupant as "Notney," or otherwise known to the officers as Plaintiff James Braxton. Later, on January 10, 2002, the confidential informant participated in a photo array where she picked out pictures of Clinton Staples, a.k.a. "Jason" and James Braxton , a.k.a. "Notney" as the persons she purchase crack cocaine from on December 28, 2001.

TRIDENT forwarded the results of its investigation to the Raleigh County Prosecutor's Office who in turn presented the evidence to the grand jury. On May 13, 2002, the grand jury indicted Plaintiff and Clinton Staples with feloniously delivering to another a quantity of cocaine base and conspiracy to commit a felony by delivering to another a quantity of cocaine base in connection to the purchase by the confidential informant on December 28, 2001.

Plaintiff failed to appear for an arraignment hearing on the indictment and a fugitive of justice warrant was issued. Plaintiff contends that he had previously moved from the state and had no knowledge of the charges against him nor his needed appearance in court. Subsequently, on July

18, 2002,[2] after being pulled over for speeding, Plaintiff was arrested on the fugitive from justice warrant. Upon motion of the Assistant Prosecuting Attorney for Raleigh County, the charges against Plaintiff were dismissed in November, 2002. The prosecutor reasoned that "the state now concedes that an individual in [Clinton Staple]'s car at the time of the drug transaction is likely not James Braxton." *See* Defendants' Memorandum of Law is Support, Exhibit G.

Plaintiff filed this action on August 18, 2004 against Dustin Joynes and John A. Dunn of the Raleigh County Sheriff's Department, Garland A. Burke of the Fayette County Sheriff's Department, Gant Montgomery of the Beckley City Police, the confidential informant acting as an agent of the TRIDENT, the Raleigh County Commission, the Fayette County Commission, the City of Beckley, and TRIDENT alleging violations of the Equal Protection and Due Process clauses of the United States Constitution pursuant to 42 U.S.C. § 1983 and violations of the West Virginia Constitution.[3] Defendants have filed the instant motion for summary judgment contending that Plaintiff's claims are barred by the relevant statute of limitations and because Defendants' Joynes, Dunn, Burke, and Montgomery are immune from liability.[4]

---

[2] Both Defendants and Plaintiff at different points in their memorandums refer to Plaintiff's arrest date as both July 18, 2002, and July 23, 2002. The Court will use July 18, 2002, the date on the copy of the Beckley Police Department Arrest Report. *See* Defendants' Memorandum of Law is Support, Exhibit D.

[3] In an accompanying order, the Court dismissed the claims against TRIDENT.

[4] The Court finds the statute of limitations question dispositive and as such will not address the issue of immunity.

## II.
## STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" Anderson, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. Anderson, 477 U.S. at 252.

## III.
## ANALYSIS

**A.  42 U.S.C. §1983 Claims**

Defendants contend that Plaintiff's 42 U.S.C. §1983 claims are time-barred. There is no federal statute of limitations which applies to §1983 actions, therefore, the applicable time period

must be borrowed from the analogous state statute of limitations. *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991) (quoting Bireline v. Seagondollar, 567 F.2d 260, 262 (4th Cir.1977)). "Because § 1983 claims are best characterized as personal injury actions, a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 241 (1989) (internal citations omitted). However, "[w]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249-50. In West Virginia, the applicable statute of limitations for §1983 actions is two years pursuant to West Virginia Code § 55-2-12(b). *Bell v. Board of Education of County of Fayette*, 290 F.Supp.2d 701, 709 (S.D.W.Va. 2003).

Though the applicable statute of limitation is found by looking to state law, when that time begins to accrue is a question of federal law. *National Advertisers*, 947 F.2d at 1162. Pursuant to federal law, time begins to accrue when a "plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* Once a party is placed on inquiry notice, the "discovery rule would trigger the limitations period at that point, only if a reasonable person in her position would have learned of the injury in the exercise of due diligence." *TRW Inc. v. Andrews*, 534 U.S. 19, 30 (2001) (internal citations omitted).

Plaintiff, in his complaint, makes broad references to violations of the U.S. Constitution and the West Virginia Constitution; however, each broad claim is based on the single, specific allegation of wrongful incarceration. Therefore, since Plaintiff's claims arise out of his alleged wrongful incarceration, Plaintiff would have been put on notice of the alleged violations at the time of his arrest. Therefore, the statute of limitations as to Plaintiff's §1983 claims began to accrue on July

18, 2002. Plaintiff filed this action on August 18, 2004. Thus, because Plaintiff filed his action one month after the applicable statute of limitations had run, his 42 U.S.C. §1983 claims are time-barred.

Plaintiff argues that pursuant to West Virginia Code §55-17-3, the statute of limitations was tolled for thirty days and thus are not time barred. West Virginia Code §55-17-3 provides the procedure which is to be followed when an individual is instigating suit against a "government agency" and provides for tolling of the statute of limitations for thirty days. While Plaintiff properly followed the procedure set forth in §55-17-3, unfortunately, Plaintiff's reliance on the section is misplaced. West Virginia Code §55-17-2 defines "government agency" as follows:

> a constitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department, division, bueau, board, commission or other agency or instrumentality within the *executive branch of state government* that has the capacity to sue or be sued.

*Id.* (emphasis added). County commissions, city governments or the individuals employed by those entities are not considered to be within the "executive branch of state government." Therefore, §55-17-3 upon which Plaintiff relies in is inapplicable to this action. Rather, claims against such entities are controlled by the Governmental Tort Claims and Insurance Reform Act (GTCIRA). *See* West Virginia Code § 29-12A-1 et seq. The GTCIRA provides the circumstances under which a political subdivision[5] can be sued and the process for instituting such an action. Pursuant to the GTCIRA in action against a political subdivision the complaint and summons must be served "in the manner

---

[5] Pursuant to West Virginia Code § 29-12A-3 a political subdivision is defined in part as: "any county commission, municipality and county board of education; any separate corporation or instrumentality established by one or more counties or municipalities, as permitted by law; any instrumentality supported in most part by municipalities; any public body charged by law with the performance of a government function and whose jurisdiction is coextensive with one or more counties, cities or towns; ... public service districts; and other instrumentalities including, but not limited to, volunteer fire departments and emergency service organizations as recognized by an appropriate public body and authorized by law to perform a government function...

prescribed by law for the rules of civil procedure." W.Va. Code §29-12A-13(d). Thus, unlike suits against a "government agency" there is no notice requirment nor is there a tolling of the applicable statute of limitations.

## B. State Law Claims

Plaintiff also brings claims against Defendants pursuant to the West Virginia Constiution. It is unclear to the Court from Plaintiff's complaint the exact character of those claims. However, to the extent Plaintiff's complaint can be read to bring claims for false arrest, false imprisonment, or malicious prosecution under state law, those claims are also timed-barred.

Under West Virginia law, claims of "false arrest, false imprisonment, and malicious prosecution take the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c)." *Wilt v. State Auto. Mut. Ins. Co.,* 506 S.E.2d 608, 613 (W.Va. 1998). "These torts, which do not fall within the realm of personal injury, are controlled by subsection (c) because they do not survive the death of a party." *Id.* (internal citations omitted). Plaintiff was arrested on July 18, 2002; therefore, any claims he would have for false arrest and false imprisonment as a result of that arrest expired on July 18, 2003, more than a year before he filed the present action.

## IV.
## CONCLUSION

For the reasons stated, the Court finds that Plaintiff's claims are barred by the applicable statute of limitations. Therefore, Defendants' motion for summary judgment is **GRANTED**.

The Court **DIRECTS** the Clerk to remove this action from the docket of this Court and to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.

      ENTER:      September 15, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE