## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

JAMES N. BRAXTON,

        Plaintiff,

v.                               CIVIL  ACTION  NO.  5:04-0894

DUSTIN R. JOYNES and JOHN A. DUNN, individually,
and as agents of the Raleigh County Sheriff's Department,
RALEIGH COUNTY COMMISSION, GARLAND A. BURKE,
individually, and as an agent of the Fayette County Sheriff's Department,
FAYETTE COUNTY COMMISSION, GANT MONTGOMERY,
individually, and as agent of the Beckley City Police,
CITY OF BECKLEY, and JANE DOE aka C/S 64, individually
and as an agent of the Tri-Lateral Drug Enforcement Network Team
Drug and Violent Crime Task Force, aka TRIDENT,

        Defendants.

### MEMORANDUM OPINION AND ORDER

        Pending before the Court is the plaintiff's motion for reconsideration.  For the reasons stated herein, the motion is **DENIED**.

### I.
### Factual Allegations and Procedural Background

        The plaintiff filed this action on August 18, 2004, against Dustin Joynes and John A. Dunn of the Raleigh County Sheriff's Department, Garland A. Burke of the Fayette County Sheriff's Department, Gant Montgomery of the Beckley City Police, the confidential informant acting as an agent of the Tri-Lateral Drug Enforcement Network Team Drug and Violent Crime Task Force (TRIDENT), the Raleigh County Commission, the Fayette County Commission, the City of Beckley,

and TRIDENT alleging violations of the Equal Protection and Due Process clauses of the United States Constitution pursuant to 42 U.S.C. § 1983 and violations of the West Virginia Constitution.[1] The defendants filed a motion for summary judgment contending that the plaintiff's claims are barred by the relevant statute of limitations and because Defendants' Joynes, Dunn, Burke, and Montgomery are immune from liability.  The Court, in an Order dated September 15, 2005 granted summary judgment in favor of the defendants on the grounds that the plaintiff's claims were time barred and dismissed the case.[2]

The plaintiff filed a pro se motion to reconsider on September 28, 2005, thirteen days after the Court's Order.  In his motion, the plaintiff asked for additional time to file his memorandum in support in order to find new counsel.  The Court granted the plaintiff's motion and directed the plaintiff to file his brief in support of his motion on or before November 3, 2005.  The plaintiff then moved on November 3, 2005, for another enlargement of time to submit his brief in support of his motion for reconsideration.  The Court granted the plaintiff's motion and extended the time to December 7, 2005.  The plaintiff filed his memorandum in support of his motion for reconsideration on December 7, 2005.

In response to the plaintiff's memorandum in support of his motion for reconsideration, the Court reviewed the filings and found that the plaintiff's motion for reconsideration was filed thirteen days after the Court's September 15, 2005 Order granting summary judgment.  Pursuant to Rule 59(e) of the Fed. R. Civ. Proc. a motion to amend or alter a judgment must be made within ten days

---

[1]In an Order dated September 15, 2005, the Court dismissed the claims against TRIDENT.

[2]Because the Court found the statute of limitations question dispositive, it did not address the defendants' qualified immunity defense in the September 15, 2005 Order granting summary judgment.

of entry of the judgment.  After the expiration of the ten days, the court may only relieve a party pursuant to Fed. R. Civ. Proc. 60(b).  Given the that the plaintiff filed his motion for reconsideration thirteen days after the Court's order granting summary judgment, the Court believed the plaintiff's motion must be considered a motion for relief from judgment under Fed. R. Civ. Proc. 60(b) and in an Order dated December 20, 2005, gave the plaintiff 10 days to file a memorandum establishing this Court's jurisdiction over his motion for reconsideration.  The plaintiff filed a memorandum in response on January 11, 2006.

## II.
## Analysis

### A.      Standard of Review

Rule 59(e) of the Federal Rules of Federal Procedure provides, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment."  Fed. R. Civ. Proc. 59(e).  In computing the period of time for filing such a motion, one must consider the guidelines set forth under Rule 6 of the Federal Rules of Civil Procedure.  Rule 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Fed. R. Civ. Proc. 6(a).  Applying Rule 6(a) to this case, the plaintiff's motion must be considered timely.  As the plaintiff points out, there were two intervening Saturdays and two intervening Sundays in the thirteen days between the Court's September 15, 2005 Order and the plaintiff's motion for reconsideration.[3]  Therefore, the plaintiff's

---

[3]The plaintiff also maintains that he would get an additional three days for service under Fed. R. Civ. Proc. 6(e).  Because the Court finds Fed. R. Civ. Proc. 6(a) dispositive on this issue, it will not address the plaintiff's argument under Rule 6(e).

-3-

motion was filed within the ten days prescribed by Rule 59(e) and the Court will consider his motion for reconsideration under the standard set forth for such motions.

While the text of Rule 59(e) does not provide a standard by which a district court should consider a motion for reconsideration, the Fourth Circuit has recognized three grounds for amending a previous judgment: "(1) to accommodate an intervening change in controlling law; (2) to account fo new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Motions made pursuant to Rule 59(e) "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1 at 124 (2d ed. 1995)).

**B.      Motion for Reconsideration**

In his motion for reconsideration, the plaintiff contends that the 42 U.S.C. § 1983 allegations contained in his complaint sound in negligence and therefore the applicable statute of limitations is found by looking at the statute of limitations provided by West Virginia law for general negligence claims. The plaintiff's argument fails in all respects.[4]

---

[4]The plaintiff fails to cite any of the appropriate grounds for relief under Rule 59(e); however, the Court will briefly address the main arguments contained in his memorandum in support of his motion for reconsideration.

-4-

First, as the Court noted in its Order granting summary judgement, there is no federal statute of limitations which applies to §1983 actions, therefore, the applicable time period must be borrowed from a state's personal injury statute of limitations. *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991) (quoting *Bireline v. Seagondollar*, 567 F.2d 260, 262 (4th Cir.1977)); *Owens v. Okure*, 488 U.S. 235, 241 (1989). In West Virginia, the applicable statute of limitations for all §1983 actions is two years pursuant to West Virginia Code § 55-2-12(b). *Bell v. Board of Education of County of Fayette*, 290 F.Supp.2d 701, 709 (S.D.W.Va. 2003). Therefore, statute of limitations for general negligence claims is inapplicable to the plaintiff's section 1983 claims.

Additionally, even if the plaintiff's claims were filed within the applicable statute of limitations, the plaintiff cannot maintain an action under section 1983 for negligent conduct. The plaintiff in his memorandum in support of his motion for reconsideration contends that the defendants were negligent in their investigation and training. However, the Supreme Court, has held "[w]here a government official's act causing injury to injury to life, liberty, or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'" *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (quoting *Parratt v. Taylor*, 451 U.S. 527, 548 (1981)); *see also Davidson v. Cannon*, 474 U.S. 344 (1986); *Ruefly v. Landon*, 825 F.2d 792 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995). Therefore, an action alleging a deprivation of life, liberty or property without due process of law cannot be brought under section 1983 for negligent conduct. *See Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995).

Finally, the plaintiff also argues that the Court improperly determined when the statute of limitations begins to accrue. Pursuant to federal law, time begins to accrue when a "plaintiff knows

or has reason to know of the injury which is the basis of the action." *Id.*  Applying this standard, the Court found that since the plaintiff's claims arise out of his alleged wrongful incarceration, the plaintiff would have been put on notice of the alleged violations at the time of his arrest.  Therefore, the Court found that the statute of limitations as to the plaintiff's §1983 claims began to accrue on July 18, 2002 and thus his August 18, 2004 complaint was time barred.  The plaintiff, regardless of the alleged improper conduct of the officers, would have been put on notice of possible constitutional violations at the time he was arrested for a crime he maintains he did not commit.  The Court previously considered the plaintiff's arguments as to when the statute of limitations began to accrue in reaching its decision on the defendants' motion for summary judgment.  Therefore, the Court declines to reconsider its previous decision that the plaintiff knew or had reason to know of his injury at the time he was arrested.

### III.
### Conclusion

For the reasons stated, the Court finds that the plaintiff has present no reason for the Court to reconsider its September 15, 2005 Order granting the defendants' motion for summary judgment.  Therefore, the plaintiff's motion for reconsideration is **DENIED** [docket nos. 44, 48, and 54].  Additionally, for reasons apparent to the Court the plaintiff's motion for leave to file its supplemental motion for reconsideration out of time is **GRANTED** [docket no. 53].

The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.


ENTER:        April 10, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE